IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL POWELL**                                                                                       **PLAINTIFF**

**v.**                                                          **No. 3:19CV23-DAS**

**FRANK SHAW**
**DR. KUMAR**
**RUTH SAUCIER**
**MARY ANN JONES**
**KENDRA STEPHENS**
**CAPTAIN MICHAEL JONES**
**WARDEN DOTY**
**LT. THOMAS**
**SGT. A. HART**
**WINIDRED ANDERSON**
**MICHAEL MURPHY**
**TIRA JACKSON**
**GABRIEL WALKER**
**ELLA SCOTT**
**VIRGIL RIGDON**
**LATOYA GAINES**
**SHARONDA AMOS**
**NADIA LETCHER**
**CHARLIS DUKES**
**TUCKER**
**HAROLD TAYLOR**
**WILLIAMSON**
**HEALTH ASSURANCE, LLC**                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Michael Powell, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Allegations Arising Outside the Limitations Period

Mr. Powell has made a host of allegations spanning the period from 2009 through 2018. He filed the instant suit with the court on February 5, 2019; he signed his complaint on January 16, 2019. The plaintiff has sued the following defendants for actions or omissions occurring outside the three-year limitations period for claims under 42 U.S.C. § 1983: Ruth Saucier, Mary Ann Jones, Kendra Stephens, Tira Jackson, Gabriel Walker, Ella Scott, Virgil Rigdon, Latoya Gaines, Sharonda Amos, Nadia Letcher, Charlis Dukes, Tucker, and Health Assurance, LLC. As the plaintiff's allegations against these defendants arose outside the limitations period, the court will not discuss those actions. The plaintiff has made two sets of allegations against defendant Frank Shaw, some involving events

---

[1] 28 U.S.C. § 1915(g).

outside the limitations period, some involving separate events within that period. The court will not discuss the allegations against Mr. Shaw arising outside the limitations period.

## Allegations Arising Within the Limitations Period

The plaintiff alleges that, from July 5, 2016, through August of 2017, while he was housed at the East Mississippi Correctional Facility (EMCF), defendant Frank Shaw did not ensure that the plaintiff received proper treatment for his mental illness. The plaintiff also alleges that in August of 2017, defendant Shaw failed to turn in prison grievance forms regarding events occurring in 2014.

The plaintiff also alleges that from July 2014 until January of 2016, while he was housed at the South Mississippi Correctional Institution, defendant Dr. Kumar failed to provide him with mental health treatment.

In addition, the plaintiff alleges that on August 3, 2016, while he was housed at the East Mississippi Correctional Facility, defendant Captain Michael Jones beat him while he was wearing handcuffs, causing a black eye and a cut to his head.

The plaintiff alleges that, during his stay at the Marshall County Correctional Facility beginning in August of 2017, Warden Doty failed to properly supervise her subordinates (such as Frank Shaw, Lt. Thomas, and Sgt. Hart).

The plaintiff further alleges that Lt. Thomas and Sgt. A. Hart used excessive force against him on December 22, 2017, while he was housed at the Marshall County Correctional Facility. The incident arose after Corrections Officer Gooden accused the plaintiff of "touching her butt." The plaintiff alleges that his towel accidentally touched Officer Gooden when they were in close proximity as she escorted him to the shower. The plaintiff states that defendants Thomas and Hart cuffed him, then beat him, stomped him, kicked him, and slammed his head on the floor.

The plaintiff alleges that defendant Winidred Anderson refused to make copies of his legal documents for four or five months in 2018. When asked, the plaintiff could not identify any harm he had suffered to a legal position as a result of Anderson's refusal to make copies.

The plaintiff also alleges that defendant Michael Murphy witnessed the attack on December 22, 2017, but did not stop it. The plaintiff also alleges that defendant Murphy removed a wet mattress from the plaintiff's cell, but did not replace it for 10 days.

## Statute of Limitations

Most of the plaintiff's claims must be dismissed as untimely filed, as the events giving rise to those claims took place more than three years before the instant case was filed. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).

In this case, the complaint was deemed filed on January 16, 2019, the date the plaintiff signed it and, presumably, handed it to prison officials to be mailed to the court. Under the "mailbox rule," a prisoner's federal pleading is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (relying on *Houston v. Lack* and its progeny). Thus, any allegations in the complaint occurring before January 16, 2016, fall outside the limitations period and must be dismissed.

The following defendants will therefore be dismissed because the plaintiff's allegations against them occurred more than three years before he filed this case: Ruth Saucier, Mary Ann Jones,

Kendra Stephens, Tira Jackson, Gabriel Walker, Ella Scott, Virgil Rigdon, Latoya Gaines, Sharonda Amos, Nadia Letcher, Charlis Dukes, Tucker, and Health Assurance, LLC.

The plaintiff's claims against Mr. Shaw arising out of his time at the Wilkinson County Correctional Facility must also be dismissed, as those claims took place outside the three-year limitations period. This includes the claims regarding Mr. Shaw's alleged refusal in 2017 to file the plaintiff's grievances regarding his time at the Wilkinson County Correctional Facility in 2014, as the events giving rise to the grievances also fell outside the § 1983 limitations period and were filed years after the 30-day deadline to file a grievance with the Mississippi Department of Corrections Administrative Remedy Program.

*Supervisor Liability*

Defendants Harold Taylor and Williamson must be dismissed from this case because their involvement in this case was limited to their roles as supervisors. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for

failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Though failure to train employees may rise to the level of an official government policy – giving rise to a claim under 42 U.S.C. § 1983, such claims are a rarity:

> In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. See *Oklahoma City v. Tuttle,* 471 U.S. 808, 822–823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell* "). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Canton,* 489 U.S., at 388, 109 S.Ct. 1197. Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.,* at 389, 109 S.Ct. 1197.

*Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 1359–60, 179 L. Ed. 2d 417 (2011).

In this case, the plaintiff does not allege that Harold Taylor, Williamson, or Warden Doty had any personal involvement or were causally connected to the incident in any way. Harold Taylor merely supervised defendant Anderson; Williamson supervised defendant Doty, and Doty supervised various employees at the Marshall County Correctional Facility. These three defendants will therefore be dismissed from this case with prejudice.

### Denial of Access to the Courts

Mr. Powell alleges that defendant Winidred Anderson, over the course of four to five months, refused to copy documents for him that he wished to file to challenge his conviction in state court or altered those documents to exclude certain dates. He acknowledged when asked at the *Spears* hearing

that he did not suffer actual harm to a legal position because of Ms. Anderson's actions. Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

It appears that the plaintiff eventually received the copies he sought, and those copies were filed with the proper court. As such, Mr. Powell suffered no legal harm from the actions of defendant Anderson. For these reasons, the plaintiff's claim of denial of access to the courts should be dismissed for failure to state a constitutional claim.

## Conclusion

For the reasons set forth above:

(1) The following defendants are **DISMISSED** with prejudice from this case, as the plaintiff's claims against them are barred by the applicable statute of limitations: *Ruth Saucier, Mary Ann Jones, Kendra Stephens, Tira Jackson, Gabriel Walker, Ella Scott, Virgil Rigdon, Latoya Gaines, Sharonda Amos, Nadia Letcher, Charlis Dukes, Tucker, and Health Assurance, LLC*;

(2) The plaintiff's claims against defendant *Frank Shaw* regarding actions he took while working at the Wilkinson County Correctional Facility are also **DISMISSED** with prejudice, as those claims arose outside the applicable limitations period;

(3) The plaintiff's claims against *Warden Doty, Harold Taylor, and Williamson* are **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted, as the plaintiff has sued them only in their capacity as supervisors; and

(4) The plaintiff's claims against defendant *Winidred Anderson* for denial of access to the courts are also **DISMISSED**, as the plaintiff has suffered no actual legal harm arising out of her failure to make copies of legal documents.

**The Following Allegations Will Proceed:**

(5) That *Frank Shaw* denied the plaintiff adequate mental health care during his stay at the East Mississippi Correctional Facility from July of 2016 to August of 2017;

(6) That *Dr. Kumar* denied the plaintiff adequate mental health care from September 2014 to January 2016;[2]

---

[2] As the plaintiff has alleged that Dr. Kumar's participation in the events of this case ended in "January 2016," only his actions or omissions occurring during the 15 days between January 16, 2016,

(7) That *Captain Michael Jones* used excessive force against the plaintiff on August 3, 2016, at the East Mississippi Correctional Facility;

(8) That *Lt. Thomas and Sgt. A. Hart* used excessive force against the plaintiff on December 22, 2016, at the East Mississippi Correctional Facility; and

(9) That *Michael Murphy* provided unconstitutionally harsh general conditions of confinement in July 2016, at the East Mississippi Correctional Facility by taking the plaintiff's sleeping mat for 10 days.

A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of May, 2019.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE

---

and January 31, 2016, would fall within the 3-year limitations period of 42 U.S.C. § 1983. The plaintiff did not provide specific dates for this claim.